# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CASSANDRA AXSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JORGE ORTIZ, ) <br> *(United States of America in substitution* ) <br> *For Jorge Ortiz, effective as of 10/5/16)* ) <br> ) <br> Defendant. ) | CAUSE NO.: 1:16-CV-343-TLS |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [ECF No. 7], filed by the United States of America on October 17, 2016. For the reasons set forth below, the Court grants the Motion.

## BACKGROUND

The pro se Plaintiff, Cassandra Axson, originally filed this case on September 1, 2016, in the Allen Superior Court Small Claims Division. The Plaintiff alleges that she was harmed because the Defendant, Jorge Ortiz, was negligent in connections with actions he took within the scope of his employment. (Notice of Claim, ECF No. 4.) On September 23, 2016, the Defendant filed a Notice of Removal [ECF No. 1] pursuant to 28 U.S.C. § 1442. On October 5, 2016, the United States filed a Notice of Substitution [ECF No. 5], substituting the United States of America in place of Jorge Ortiz pursuant to the Federal Torts Claims Act (FTCA), 28 U.S.C. § 2679.

On October 17, 2016, the Government filed the Motion to Dismiss, arguing that the case should be dismissed because the Allen Superior Court Small Claims Division lacked subject-

matter jurisdiction over any claims for monetary damages arising out of the alleged negligence of a federal employee and thus, this Court did not acquire derivative jurisdiction from the state court. In the alternative, the Government argues that the Plaintiff has failed to state a claim upon which relief may be granted, and that there has been no service of process in this case. On October 12, 2016, United States Magistrate Judge Susan Collins issued an Order [ECF No. 6] directing the Plaintiff to file a response to the Motion on or before November 3, 2016, pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) and *Timms v. Frank*, 952 F.2d 281 (7th Cir. 1992). To date, the Plaintiff has not filed a response to the Motion to Dismiss.

On December 5, 2016, the Plaintiff submitted an additional filing [ECF No. 14], which she also submitted in connection with another parallel litigation she filed on the same issue against employees at the Fort Wayne Social Security Office. That case has since been dismissed without prejudice. *See Axson v. Reynolds*, No. 1:16-CV-322, 2017 WL 495694 (N.D. Ind. Feb. 7, 2017). The Plaintiff's additional filing contains several attachments in furtherance of her argument that she has not received her Social Security Disability Insurance (SSDI) benefits, including her bank record and a record of a complaint she made with the Fort Wayne Social Security Office.

## STANDARD OF REVIEW

This Court must first consider the threshold jurisdictional issue. "Jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquired none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Axson*, 2017 WL 495694, at *2 (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)); *see also Abu-*

*Humos v. First Merit Bank*, No. 15-CV-6961, 2015 WL 7710374, at *1 (N.D. Ill. Nov. 30, 2015).

## ANALYSIS

The Plaintiff's claims are difficult to decipher, but they appear to stem from an interaction she had with Mr. Ortiz regarding the termination of her SSDI payments and her subsequent dissatisfaction with the efforts of the Office of the United States Senator Joe Donnelly to intercede of her behalf. At the time of the interaction, Mr. Ortiz was an employee at the Office of Senator Donnelly.

Because Mr. Ortiz has been certified [ECF No. 5–1] under the FTCA as acting within the scope of his employment, the Plaintiff's claim of negligence is really against the United States. It is well established that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued," and hence may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "[T]he FTCA is a limited waiver of the United States' sovereign immunity" and it "is the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment." *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012); *see also* 28 U.S.C. §§ 1346(b), 2679(a)–(b)(1); *Feres v. United States*, 340 U.S. 135, 140 (1950).

However, an FTCA claim must be initiated in federal court. 28 U.S.C. § 1346(b)(1); *Alinsky v. United States*, 415 F.3d 639, 643 (7th Cir. 2005) (stating that the "FTCA grants federal courts jurisdiction over" damages claims against the United States for negligence by a government employee); *Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1297 (7th Cir. 1991) ("The FTCA provides that federal district courts 'shall have exclusive jurisdiction of

civil actions on claims against the United States, for money damages . . . .'") (citing 28 U.S.C. § 1346(b)); *Abu-Humos*, 2015 WL 7710374, at *1 (holding "while common law torts are cognizable under the FTCA, state courts lack jurisdiction over such claims."). When Congress attaches conditions to legislation waiving the sovereign immunity of the United States, "those conditions must be strictly observed, and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (internal quotations and citations omitted).

Because exclusive jurisdiction under the FTCA exists only in federal court, the Allen Superior Court Small Claims Division lacked subject-matter jurisdiction over any claims for money damages arising out of the alleged negligence of the federal employees, and thus, upon removal, this Court acquired no derivative jurisdiction from the state court. *See Rodas v. Seidlin*, 656 F.3d 610, 615–16 (7th Cir. 2011); *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994); *Fedorova v. Wells Fargo & Co.,* No. 16-C-1810, 2016 WL 2937447, at *2 (N.D. Ill. May 20, 2016); *Abu-Humos*, 2015 WL 7710274, at *1–2. *Rodas* recognized a limited exception for the derivative jurisdiction rule for removals under §1442 where a motion to dismiss is made after removal, but only where the case has already been decided on the merits. *Rodas*, 656 F.3d at 619–25. Here, the case has not been decided on the merits, and dismissal without prejudice is the proper result. *See Abu-Humos*, 2015 WL 7710374, at *n.1 ("[D]ismissal is strongly indicated when the issue is raised before any substantive matters have been addressed."). Accordingly, the Court dismisses the action without prejudice.

As this dismissal is without prejudice to the Plaintiff filing another complaint in a court with proper original jurisdiction, the Plaintiff is cautioned that any subsequent complaint should state a valid cause of action, satisfy any exhaustion requirements, comply with Federal Rule of Civil Procedure Rule 8 in stating a short and plain statement for relief, and have proper service.

*See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation marks and citation omitted).

Accordingly, if the Plaintiff chooses to pursue her claim in this Court, the Plaintiff has until June 19, 2017, in which to file an Amended Complaint.

## CONCLUSION

For the reasons stated above, the Motion to Dismiss [ECF No. 7] is GRANTED. The Court DIRECTS the Clerk of Court to dismiss this action without prejudice.

SO ORDERED on May 18, 2017.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT